IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CORDELL L. GINES,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ELLEN CURRY, and<br>JOE CERVANTEZ,<br><br>　　　　　Defendants. | Case No. 24-cv-02418-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Christopher Cordell Gines, an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

### THE COMPLAINT

Plaintiff alleges that due to the actions of Appellate Deputy Defender, Ellen Curry, and the Jackson County States Attorney, Joe Cervantez, he has been subjected to false imprisonment and remained in custody beyond his legal release date. He states that he received a "60 year sentence in excess of his legal statutory maximum sentence allowed." To justify the sentence, on July 26, 2022, Cervantez modified his criminal charges from aggravated sexual assault to predatory criminal sexual assault without legal justification. Plaintiff wrote to Ellen Curry to informed her

that his sentence had been illegally modified. He asked her to file a motion or brief contesting the sentence. Curry, however, did nothing to correct the error. Plaintiff contends that his sentence was over tuned by Judge Bloodworth of Jackson County.

Plaintiff sues Defendants for violations of the Fourteenth and Eighth Amendments and seeks monetary damages.

## DISCUSSION

Plaintiff sues his public defender, Curry, and the prosecutor, Cervantez, for their conduct associated with his criminal case and resulting sentence. A public defender, however, is not a "state actor" amenable to suit in a Section 1983 civil rights case when performing "a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *See Polk Cnty v. Dodson,* 454 U.S. 312, 325 (1981) (holding that "a public defender does not act under color of state law [for purposes of liability under § 1983] when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); *Turner v. Godinez,* 693 F. App'x. 449, 454 (7th Cir. 2017) ("public defenders were not acting under color of state law and thus cannot be sued under § 1983"). Similarly, "state prosecutors enjoy absolute immunity from suits under § 1983 for activities that are 'intimately associated with the judicial phase of the criminal process.'" *Foreman v. Wadsworth,* 844 F.3d 620, 624 (7th Cir. 2016) (quoting *Imbler v. Pachtman,* 424 U.S. 409, 430 (1976)). Because Plaintiff only sues individuals who are immune from suit, he has failed to state a claim, and the Complaint will be dismissed with prejudice.

This Court normally gives a plaintiff an opportunity to amend his complaint before dismissing it. However, the Court may deny leave to amend where an amendment would be futile. *Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015); *Gonzalez-Koeneke v. West,* 791 F.3d 801, 807 (7th Cir. 2015). In this case, an amendment would not correct the problems presented by Plaintiff's claims against Defendants who are immune from suit. Accordingly, no leave to amend

will be granted.

## DISPOSITION

For the reasons stated above, the Complaint is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted. The Court considers the dismissal of this action as one of Plaintiff's three "strikes" under 28 U.S.C. § 1915(g). The pending motions are **DENIED** as moot. (Doc. 3, 4).

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger,* 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza,* 181 F.3d 857, 858-59 (7th Cir. 1999). He must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal in forma pauperis. *See* FED. R. APP. P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: February 4, 2025**

                                           *s/Stephen P. McGlynn*
                                           **STEPHEN P. MCGLYNN**
                                           **United States District Judge**